Mary W. Rannells, Respondent, v. Henry F. Gerner, Appellant.

February 8, 1881.

1. A wife relinquishes her dower in her insane husband's realty by joining in a deed thereof executed by his guardian under order of court.

2. A person declared insane may, under the statute, contract, with the guardian's consent; and such consent is shown by the guardian's signature to the contract.

Appeal from the St. Louis Circuit Court, Adams, J. *Reversed and remanded.*

Lucien Eaton, with M. L. Gray and Jacob Klein, for the appellant: The insane husband might execute a valid conveyance, with his guardian's consent. — Wag. Stats. 715, sect. 32; *Darby* v. *Cabanné*, 1 Mo. App. 126. A conveyance by the guardian under order of the court has the same effect as if made by the ward while not under any disability. — Wag. Stats. 715, sect. 30. Attention is

specially called to *Connolly* v. *Branstler*, 3 Ky. 702 ; *Mc-Cullough* v. *Wilson*, 21 Pa. St. 436 ; *Drake* v. *Glover*, 30 Ala. 382. A married woman's covenants so far estop her that she cannot assert claims which repudiate those covenants. — *Hill* v. *West*, 8 Ohio, 222 ; *Collard* v. *Swan*, 7 Mass. 291. ; *Fowler* v. *Shearer*, 7 Mass. 21 ; *Massie* v. *Sebastian*, 4 Bibb, 433.

. GEORGE A. CASTLEMAN, with whom are ANDREW MACKAY, Jr., and JULIAN J. LAUGHLIN, for the respondent.: A wife can convey her dower right only by joining with her husband. — *Hill* v. *West*, 8 Ohio, 226 ; *Martin* v. *Dwelly*, 6 Wend. 9. A married woman cannot estop herself either by covenant or by matters *in pais.* —*Rangely* v. *Spring*, 21 Mo. 130 ; *Chauvin* v. *Wagner*, 18 Mo. 557 ; *Cottle* v. *Snyder*, 10 Mo. 764 ; *Hempstead* v. *Easton*, 33 Mo. 142. A conveyance made by one under guardianship for incapacity to manage his affairs is void, though made with the approbation of the guardian. — *Griswold* v. *Butler*, 3 Conn. 231, 243 ; *Imhoff* v. *Witmer*, 31 Pa. St. 243.

LEWIS, P. J., delivered the opinion of the court.

.. In 1866, the County Court of St. Louis County, in due course of statutory proceeding for that purpose, adjudged that Charles S. Rannells, since deceased, was of unsound mind, and incapable of managing his affairs. A guardian was duly appointed and qualified, who afterwards obtained, in due course, an order for the sale of his ward's real estate, and accordingly sold the same at public sale, including the land here described in the plaintiff's petition. At the time of the sale it was announced to purchasers and bidders that the property would be sold with like effect as if the sale were made by Rannells himself ; that purchasers would acquire all his title, together with the inchoate right of dower of Mrs. Rannells, who is the present plaintiff ; and that she would, so as to effectuate that purpose, join in the conveyance to be made by the guardian, relinquishing her dower

in the premises sold. The land described in the petition was purchased by Leonard Hoeley, the defendant's grantor, for a price sufficient to cover the full value of the property, including the right of dower. A conveyance was made accordingly, executed by the guardian, Charles S. Rannells himself, — who had, at the time, a lucid interval, — and Mrs. Rannells, and was acknowledged in due form, with relinquishment of dower. This suit is instituted by Mrs. Rannells, now a widow, to have her dower in the same land set apart and assigned to her, with damages for the detention thereof. The court below sustained the plaintiff's motion for a judgment in her favor, upon the facts above recited, as they were set forth in the defendant's answer. The only question to be determined is, whether the plaintiff is barred of her dower by the facts above shown.

It is contended for the plaintiff that the attempted alienation of her right of dower was a nullity, for the following reasons : First, a married woman is absolutely incapable of conveying away her dower right otherwise than in the manner prescribed by statutory law. Second, under the Missouri statute, her only authority to convey is by joining in a deed executed by her husband and acknowledged in a prescribed form. Third, the deed in this case was not executed by the plaintiff's husband, because he was under adjudication of insanity, with a guardian in charge of his affairs, and therefore his attempted conveyance was a nullity. Fourth, the conveyance of the guardian does not satisfy the statute, which gives validity to the wife's conveyance only when it is joined with that of the husband himself.

The first two of these propositions need not be disputed. But their application to the present case, in the remaining propositions, must be considered in the light of other statutory regulations.

Is it true that the supposed execution of the deed by Rannells, while under guardianship on account of insanity, was void? Our statute says : " No contract of any person

found to be of unsound mind, as hereinbefore specified, which shall be made without the consent of his guardian, shall be valid or binding; and such guardian may sue for and recover any money or property which may have been sold or disposed of by his ward without his consent." Wag. Stats. 715, sect. 32. We find in 3 Washburn on Real Property (p. 558) that " a deed made by a person of non-sane mind, who has for that cause been placed under guardianship, will be void; and the same is true of the deed of a person under guardianship for incapacity to manage his affairs, though not in fact insane, even though done with the approbation of his guardian." The authorities cited to sustain these propositions are *Griswold* v. *Butler*, 3 Conn. 231; *Imhoff* v. *Witmer*, 31 Pa. St. 243. To these may be added *Wait* v. *Maxwell*, 5 Pick. 217; *Pearl* v. *McDowell*, 3 J. J. Marsh. 658. We have carefully examined the statutes of the States in which those decisions were rendered, and find among them no such provision as is above copied from the statutes of Missouri. It seems to be held, on general principles, that the committal of the management of an insane person's affairs to a guardian inferentially deprives the ward of the right to manage them, or to dispose of them in any way. It results that, although the deed of a person *non compos*, without a guardian, will be only voidable, yet, when a guardian has been appointed for him, such a deed cannot be executed with any effect whatever.

In construing our statute, some effect must be given to the qualification, " without the consent of his guardian." No meaning whatever can attach to it if it does not show that the law-maker, instead of leaving the ward's disability of contracting to be inferred generally from the bestowal of powers upon the guardian, chose rather to specify the resulting disability of the ward, and to limit it in exact terms. The disability, thus understood, is not absolute, but qualified; it is a disability to contract without the consent of the guardian, and by the rule of interpretation, *Expressio unius*

*est exclusio alterius*, there is no disability to contract with such consent. We think it clear that the legislative intention is to leave with the ward of unsound mind a power to make contracts with the consent of his guardian. In the present instance, the guardian's consent was manifested by his joining in the deed. The statutory limitations upon the alienation of an insane person's real property had all been satisfied; so that the guardian's capacity to consent was legally assured. The conveyance was therefore valid as the act of the husband, and the relinquishment of the wife's dower was effected in accordance with the statute.

There is yet another statutory ground upon which, perhaps more clearly, the plaintiff's transfer of her dower right may be found to have been effectual. It is provided: "Every conveyance, mortgage, lease, and assurance made under the order of a County Court pursuant to the provisions of this chapter shall be as valid and effectual as if the same had been executed by such insane person when of a sound memory and understanding." Wag. Stats. 715, sect. 30.

The common law abounds in restraints upon the voluntary alienation of land. The idea of permanency in the nature of the property itself seems to have imbued the earlier expounders of the law with a paramount regard for fixedness of ownership in the present holder and those whom the law shall designate to succeed him. But legislative policy in this country has always had an opposite course. Facility of transfer, to the fullest extent consistent with certainty in the evidences of title, is considered as essential to a progressive public welfare, in the interests of real property as in those of commerce. This policy is nowhere more strikingly expressed than in the enabling acts of every State in this Union, whereby a man may, with the coöperation of his wife, convey away his land, freed from the prospective incumbrance of her right of dower. It is inconceivable that the Legislature of Misssouri, while providing a safe and con-

clusive method of transfer for the real property of insane persons, should deliberately so frame the law as to revive one of the most odious of the common-law restraints. These considerations of public policy should make it necessary that such a purpose be clearly manifested in the terms of the statute, before a court of justice will carry it into effect. We are of opinion, however, that, aside from this view, the force of the act itself is conclusively against the effect claimed by the plaintiff in this case.

By the general law, a married woman's conveyance of her inchoate right of dower is a nullity ; but by joining in the deed of her husband, and acknowledging the same in proper form, she may make a valid transfer and relinquishment. Thus there is an efficacy imparted to her act by the deed of her husband. In other words, the husband's deed is " effectual " to validate her conveyance or relinquishment of dower. But the statute says that the deed of the guardian of an insane person, under the circumstances of this case, shall be " as effectual as if the same had been executed by such insane person when of a sound memory and understanding." How can this provision be enforced if the guardian's deed be held, nevertheless, to be not effectual to validate the wife's relinquishment of dower, when executed under the same forms that would have sufficed under the efficacy of her husband's deed when he was " of a sound memory and understanding? " We cannot so hold, without making the guardian's deed less valid and effectual than the statute declares it shall be.

Again : up to the moment of transfer, by act of the guardian, the title is in his ward. It is the ward's title that the guardian conveys, in like manner as it is the title of the defendant in execution that is conveyed by the sheriff in pursuance of his official sale. The conveyance is clearly that of the insane person, by or through the guardian, whom the law has empowered to represent him. When the wife joins in such a conveyance, she joins in a deed which is none

the less her husband's, in fact and in effect, because executed through an agency appointed by the law. On this ground, also, it may well be held in the present case that Mrs. Rannells relinquished her dower by joining in the deed of her husband, so as to make the act binding under the statute of conveyances.

The judgment will be reversed and the cause remanded. All the judges concur.